COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


KATHRYNE SMITH
                                         MEMORANDUM OPINION[*]
v.    Record No. 1681-98-4                    PER CURIAM
                                          DECEMBER 8, 1998
FAIRFAX HOSPITAL AND INOVA
 HEALTH SYSTEM FOUNDATION, INC.


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Matthew H. Swyers; Koonz, McKenney, Johnson,
                DePaolis & Lightfoot, on brief), for
                appellant.

                (Eric J. Berghold; McCandlish & Lillard, on
                brief), for appellees.



        Kathryne Smith ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that her

claim seeking an award of compensation for an occupational

disease was not timely filed.  Specifically, claimant argues that

she did not receive a positive diagnosis of contact dermatitis

until January 22, 1997, and, therefore, the statute of

limitations contained in Code § 65.2-406(A)(5) did not begin to

run until that date.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

        In denying claimant's application and holding that her claim

was time-barred, the commission found as follows:

_____
        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

[T]he claimant reasonably knew from the communications given to her that her condition was in part from the gloves she wore at work. She acknowledged that as soon as Dr. [Martin S.] Horn told her [in October 1990] one of the possibilities was from exposure to latex, she immediately started using cotton liners under the latex gloves while at work. . . .

In a recorded interview, upon being asked whether she remembered the date of the incident "or the date of the diagnosis," she expressed "the date of . . . diagnosis was the whole problem has been over four years. . . ." In her Claim for Benefits, for the date of communication, she wrote "had been previously told by former doctors also." This is not a situation in which there was no known nexus between her contact dermatitis and her employment. Although the medical records, prior to her meeting with Dr. [Ellen] Kessler, do not directly reflect that there was a communication of latex causation, her testimony, her actions, and other documentation persuade us that she was aware that latex, which was not used by her in any other activity except her employment, was a substantial causative reason for her condition.

Code § 65.2-406(A)(5) requires that a claimant file for compensation for an occupational disease within "two years after a diagnosis . . . is first communicated to the employee . . . ."The statute "does not require that an employee receive from a physician a communication that his disease is work related." It requires only that he "learn that the condition is an occupational disease for which compensation may be awarded."

"Whether a diagnosis of an occupational disease was communicated and when the communication occurred are factual determinations."

- 2 -

City of Richmond Police Dep't v. Bass, 26 Va. App. 121, 131-32, 493 S.E.2d 661, 666 (1997) (citations omitted).

The medical records, claimant's testimony, and her recorded statement amply support the commission's factual findings. That credible evidence established that as early as October 1990, claimant knew that her contact dermatitis was a disease that might be caused by her wearing latex gloves at work. In fact, at that time, she took immediate precautions to avoid exposure to latex gloves at work. She did not file her claim until 1997. Thus, based upon this record, we cannot hold as a matter of law that claimant's evidence proved that her application was timely filed.

For these reasons, we affirm the commission's decision.

Affirmed.